```
 1  FELIPE ROCHA # K-94573
 2  PBSP - D-9-213L SHU           FILED
 3  P.O. BOX- 7500              08 JUL 25 PM 1:13
 4  CRESCENT CITY CAL       RICHARD W. WIEKING
                            CLERK, U.S. DISTRICT COURT
                            NORTHERN DISTRICT OF CALIFORNIA
 5   95532
 6            IN PRO SE
 7
 8       IN THE UNITED STATES DISTRICT COURT
 9           NORTHERN DISTRICT OF CALIFORNIA
10
11  FELIPE ROCHA # K-94573
12       PETITIONER
             VS.                    NO. C 07-3295 CRB PR.
13  ROBERT A HOREL (WARDEN)         PETITIONERS APLICATION
14       RESPONDENT                 FOR CERTIFICATE
15  _____           OF APPEALABILITY
                                    FROM THE DISTRICT
16                                  COURT; AND STATEMENT
17                                  OF REASONS IN
                                    SUPPORT
18
19            INTRODUCTION
20
21  PETITIONER FELIPE ROCHA # K-94573
22  REQUESTS THAT THE U.S. DISTRICT COURT
23  ISSUE A CERTIFICATE OF APPEALABILITY
24  (HEREAFTER "COA".) PERMITING
25  PETITIONER TO APPEAL FROM THE JUDGEMENT
26  ENTERED BY THE HONORABLE CHARLES
27  R. BREYER UNITED STATES DISTRICT
28  JUDGE ON JULY 7TH 2008TH.
```

(COA 1 of 15)

1  DENYING THE PETITION FOR WRITT
2  OF HABEAS CORPUS IN THE ABOVE
3  ENTITLED MATTERED. CONCURENTLY
4  WITH THIS APPLICATION FOR COA.
5  PETITIONER HAS FILED A TIMELY NOTICE
6  OF APPEAL.
7
8
9  ISSUES ON WHICH CERTIFICATE
10 OF APPEALABILITY IS SOUGHT
11
12         CLAIM #1
13
14 WETHER THE DISTRICT COURT ERRED IN
15 FAILING TO GRANT PETITIONERS
16 EVIDENTIARY HEARING ON PETITIONERS
17 CLAIM THAT COUNSELS FAILURE TO SEEK
18 PITCHESS DISCOVERY FOR THE WITNESS
19 ON WHOM THE ENTIRE PROSECUTION CASE
20 DEPENDED ON, FELL BELOW THE
21 STANDARDS OF REASONABLY COMPETENT
22 COUNSEL-
23
24         CLAIM 2#
25
26 WETHER WITH REGARD TO PETITIONERS
27 CLAIM THAT THE DISTRICT COURT
28 ERRED AND ACTED CONTRARY TO

1 AND UNREASONABLY APPLIED CASE LAW
2 TO ITS RESPONSE IGNORING CLEARLY
3 ESTABLISHED FEDERAL LAW DECIDED BY
4 UNITED STATES COURTS WHICH IN PETITIONERS
5 WRITT ARTICULATES HOW DENIAL OF
6 PETITIONERS MARDSEN MOTION WAS AN ABUSE
7 OF DISCRETION, BECAUSE AS THE RECORD
8 DID CAPTURE AS DID COUNSEL BY HIS OWN
9 ADMISSIONS, COUNSEL WAS PERFORMING
10 BELLOW THE STANDARDS OF REASONABLY
11 COMPETENT COUNSEL. AND BECAUSE AS
12 PETITIONERS WRITT CLEARLY SHOWS.
13 THE RELATIONSHIP BETWEEN CLIENT AND
14 COUNSEL WAS SO IRREVOCABLY IMPAIRED
15 THAT INNEFECTIVE REPRESENTATION
16 WAS LIKELY TO RESULT.
17
18                LEGAL STANDARD FOR
19                ISSUANCE OF COA.
20
21   IN THE U.S. SUPREME COURT DECISION
22 IN MILLER-EL V. COCKRELL 537 U.S. 322
23 123 S. CT 1029 (2003) THE COURT
24 CLARIFIED THE STANDARDS FOR
25 ISSUANCE OF A COA:
26      .... A PRISONER SEEKING A COA
27 NEED ONLY DEMONSTRATE A "SUBSTANTIAL
28 SHOWING OF THE DENIAL OF A CONSTITUTIONAL

1   right." A petitioner satisfies this
2   standard by demonstrating that jurist
3   of reason could disagree with the
4   district courts resolution of his constitutional
5   claims or that jurists could conclude
6   the issue presented are adequate
7   to deserve encouragement to proceed
8   further.
9   *Id.* 123 S.CT AT 1034 citing Slack v.
10  McDaniel 529 U.S. 473, 484 (2000)
11  Reduced to its essentials the test is met
12  where the petitioner makes a showing that
13  the petition should have been resolved in
14  a different matter or that the issues
15  presented were adequate to deserve
16  encouragement to proceed further;
17  *Id.* at 1039 citing Barefoot v. Estelle
18  463 U.S. 880 (1983) This means that
19  the petitioner does not have to prove
20  that the district court was necessarily
21  "wrong" — just that its resolution of
22  the constitutional claim is "debatable."
23             We do not require petitioner
24  to prove before the issuance of a
25  COA that some jurist would grant
26  petition for Habeas corpus. Indeed,
27  a claim can be debatable even
28  though every jurist of reason might

AGREE AFTER THE COA HAS BEEN GRANTED AND THE CASE HAS RECEIVED FULL CONSIDERATION THAT PETITIONER WILL NOT PREVAIL. AS WE STATED IN <u>SLACK</u> WHERE A DISTRICT COURT HAS REJECTED THE CONSTITUTIONAL CLAIMS ON THE MERITS, THE SHOWING REQUIRED TO SATISFY § 2253(C) IS STRAIGHT-FORWARD: THE PETITIONER MUST DEMONSTRATE THAT REASONABLE JURISTS WOULD FIND THE DISTRICT COURTS ASSESSMENT OF THE CONSTITUTIONAL CLAIMS DEBATABLE OR WRONG.

FOR THE REASONS STATED BELOW, THE ISSUES ON WHICH PETITIONER SEEKS A COA ARE AT LEAST DEBATABLE AMONG JURISTS OF REASON. HENCE AND EVEN THOUGH THIS COURT'S DECISION MIGHT ULTIMATELY BE AFFIRMED ON APPEAL, PETITIONER IS ENTITLED TO A COA ON THE ISSUES SET FORTH ABOVE.

<u>STATEMENT OF REASONS FOR ISSUANCE OF COA</u>

1.

THE DISTRICT COURT ERRED IN FAILING TO GRANT EVIDENTIARY HEARING ON PETITIONERS CLAIM OF COUNSELS FAILURE TO SEEK PITCHESS DISCOVERY

(COA 5 of 15)

1. FOR THE WITNESS ON WHOM THE ENTIRE
2. PROSECUTION CASE DEPENDED ON FELL BELOW
3. THE STANDARDS OF REASONABLY COMPETENT
4. COUNSEL -
5.
6. ## NATURE OF CLAIM 1ST
7.
8. IN HABEAS CORPUS PETITION. PETITIONER
9. ALLEGED THAT HIS COUNSEL WAS PERFORMING
10. BELOW THE STANDARDS OF REASONABLY
11. COMPETENT COUNSEL IN ATTACHMENT
12. "A". A-29# OF PETITIONERS
13. WRITT OF HABEAS CORPUS - IN SUPPORT
14. OF THIS PETITIONER ALLEGED IN
15. #A 5-18# STATEMENT OF APPEALABILITY
16. IN WRITT OF HABEAS CORPUS WHY
17. AND HOW TRIAL COUNSEL FELL BELOW
18. THE STANDARDS OF REASONABLY COMPETENT
19. COUNSEL - WHICH DISTRICT COURT
20. JUDGE COMPLETELY IGNORED IN HIS
21. OWN REPORT OF RECOMENDATION PAGES
22. 4-7# AND FAILED TO ADDRESS.
23. THE JUDGE SUMMARILY DENIED ALL OF THE
24. CLAIMS WITHOUT GRANTING A EVIDENTIARY
25. HEARING -
26. HEREIN PETITIONER MAINTAINS THAT THE
27. JUDGE ERRED BY SUMMARILY DENYING THE
28. FOLLOWING CLAIMS

(COA 6 of 15)

1  WHICH WERE RAISED AS TO CLAIM ONE IN
2  WRITT OF HABEAS CORPUS - ATTACHMENT
3  "A"  A-5-18TH STATEMENT OF
4  APPEALABILITY -
5    IN ORDER DENYING PETITION THE JUDGE
6  ANALIZES TRIAL JUDGES "TACTICAL" DECISION
7  AND CALLS PETITIONERS REQUEST FOR PITCHESS
8  MOTION UNSUPPORTED SPECULATION - CALLING
9  TRIAL COUNSELS REFUSAL OF PITCHESS MOTION
10 TACTICAL - BUT JUDGE IS NOT NOTICING
11 THAT ALL THE CLAIMS IN WHICH PETITIONER
12 IS SEEKING COA RELATE IN ONE WAY OR
13 ANOTHER TO TRIAL COUNSELS FAILURE TO
14 CONDUCT A REASONABLE PRE TRIAL
15 INVESTIGATION AS GUARANTEED BY STRICKLAND
16 V WASHINGTON 466 US 668 685 104 S.CT
17 2052 80 L.ED 674 1984.) THIS IN
18 LIGHT OF THE OVERWHELMING CONTRADICTORY
19 EVIDENCE THAT JUDGE FAILS TO STATE
20 IN HIS ORDER DENYING PETITION. OF
21 HABEAS CORPUS: FURTHURMORE THE
22 JUDGES RATIONALE FOR SUMMARILY REJECTING
23 PETITIONERS CLAIM IS ESSENTIALLY.
24 THAT PETITIONER HAS NOT OFFERED MORE
25 THAN UNSUPPORTED SPECULATION - AND
26 CLAIMING THAT TRIAL COUNSEL MADE A
27 TACTICAL DECISION AS TO PETITIONERS
28 CLAIM THAT HIS TRIAL ATTORNEY WAS

(COA
 7 OF 15)

1  performing below reasonably competent
2  counsel. Petitioner still claims that
3  the district court erred by failing
4  to grant petition and evidentiary
5  hearing on his writt of Habeas Corpus
6  which related to trial counsels
7  deficient investigation into his "alleged"
8  "tactical" decision which was no more
9  than a desperate reason to refuse
10 pitchess motion. Inclusively as shown
11 on petitioners writt page A-10 -
12 where counsel admits that his opinion
13 thus "tactical" decision was not nothing
14 more than a assumption and he also
15 state he may be wrong. A assumption
16 which was based on no particular
17 knowledge or investigation of the
18 prosecutions star witness —
19
20            CLAIM TWO
                _____
21
22    In Habeas Corpus petition, petitioner
   alleges in Claim Two - writt of
23 Habeas Corpus Attachment "B"
24 #B / — 41 - Petitioner alleges that
25 District Court erred and acted contrary
26 to clearly established Federal Law
27 decided by the United States Courts'
28 which petitioner articulated on his writt

(COA
 8 of 15.)

1  PETITIONER ALLEGES THAT ALL THE CLAIMS
2  RAISED IS SUPPORT OF CLAIM TO OF WRITT
3  OF HABEAS CORPUS WERE COMPLETELY
4  DISREGARDED BY DISTRICT JUDGE IN HIS
5  ORDER OF DENYING PETITION PAGE 7-12
6  WHERE HE NOT ONCE ADDRESSES THE ISSUES
7  THAT PETITIONER RAISED TO SUBSTANTIATE
8  HIS CLAIM. INFACT DISTRICT JUDGE NOT
9  ONES MENTIONED PETITIONERS ARGUMENT
10 AND PROVIDED RECORD DOCUMENTATION ON
11 PETITIONERS WRITT OF HABEAS CORPUS
12 PAGES - B-3# AND B 20# WHERE
13 COUNSEL ADMITS TO A CONFLICT YET
14 THE TRIAL JUDGE COMPLETELY IGNORES COUNSELS
15 OWN REQUEST THAT ITS TIME TO SWITCH
16 ATTORNEYS —
17 THE DISTRICT COURT JUDGE NOT ONES
18 MENTIONED NOTHING IN REGARDS TO
19 PETITIONERS CLAIMS AND INSTEAD BASED
20 HIS DECISION ON ISSUES THAT PETITIONER
21 DID NOT BRING UP. RATHER THAN THE ISSUES
22 THAT WERE RAISED IN PETITIONERS WRITT.
23             STATEMENT OF
24        REASONS FOR ISSUANCE OF COA.
25 _____
26 THE DISTRICT COURT FAILED IN ERRING
27 TO GRANT PETITION FOR WRITT OF HABEAS
28 CORPUS WHEN IT WAS CLEARLY SHOWN

          (COA
          9 of 15.)

1  THAT PETITIONER RIGHT TO COUNSEL WAS
2  VIOLATED WHEN HE WAS FORCED TO CONTINUE TO
3  GO TO TRIAL WITH A LAWYER WHO HE DID NOT
4  TRUST AND HAD BECAME SO EMBROILED IN
5  TENSION AND FRICTION THAT THE RELATIONSHIP
6  BETWEEN CLIENT AND COUNSEL WAS SO IRREVOCABLY
7  IMPAIRED (AS RECORD IN WRITT OF HABEAS
8  CORPUS ATTACHMENT#B-1 B-41# DEMONSTRATED)
9  THAT INEFFECTIVE REPRESENTATION WAS
10 LIKELY TO RESULT.
11
        NATURE OF CLAIM 2#
12 _____
13
14 IN HABEAS CORPUS PETITION PETITIONER
15 ALLEGED THAT TRIAL JUDGE ABUSED HIS
16 DISCRETION IN NOT SUBSTITUTING TRIAL
17 COUNSEL WHEN AS EXPLAINED IN FULL
18 DETAIL IN ATTACHMENT#B-1-B41# OF
19 WRITT OF HABEAS CORPUS - PETITIONER
20 ILLUSTRATES HOW HIS AND COUNSELS
21 RELATIONSHIP HAD BECAME SO IRREVOCABLY
22 IMPAIRED THAT AS THE RECORD CAPTED
23 INEFFECTIVE REPRESENTATION RESULTED.
24    DISTRICT JUDGE NOT ONCE MENTIONES
25 TRIAL COUNSELS OWN VOLUNTEERED ADMISSIONS
26 OF CONFLICT AND WISHING TO SWITCH
27 ATTORNEYS AS NOTED IN PAGE B-3#
28 OF WRITT OF HABEAS CORPUS

(CoA
10 of 15)

1  OR HIS ADMISSION TO THERE BEING A
2  BREAKDOWN AS STATED IN PETITIONERS
3  WRIT OF HABEAS CORPUS PAGE #B 20 -
4  FURTHERMORE IT IS VERY CLEAR FROM
5  JUDGES ORDER DENYING PETITION PAGES
6  7# - 12 THAT DISTRICT JUDGE FAILS
7  TO NOTE THAT TRIAL ATTORNEYS ALLEGED
8  "TACTICAL" DECISION FOR A DEFENSE WHICH
9  WAS ONE OF THE MAIN REASONS OF THE
10 CONFLICT WAS AND CANNOT BE PROTECTED
11 BY LAW AS IT WAS ONLY DONE AFTER 4
12 VERY BAD CHOICES REASONS FOR NOT WANTING
13 TO FILE PITCHESS MOTION. ALL OF WHICH
14 WERE HEARD BY JUDGE AND ON THE
15 RECORD AND WRONGFULLY ALLOWED TO
16 BE ALLOWED AS A "TACTICAL" CHOICE WHEN
17 TRIAL ATTORNEY HAD NOT MADE OR MET
18 THE LEGAL STANDARDS THAT PROTECT HIS
19 CHOICE AS TACTICAL AS HE DID NO
20 INVESTIGATION OR PREPARATION TO
21 SUBSTANTIATE HIS CHOICE WHICH BY HIS
22 OWN ADMISSION WAS JUST A GUESS -
23
24      __Specifics of Claim 2#__
25 FEDERAL CASES HOLD THAT WHEN A
26 DEFENDANT DEMONSTRATES SUCH A BREAKDOWN
27 THE TRIAL JUDGE IS REQUIRED TO ORDER A
28 SUBSTITUTION OF COUNSEL - JACKSON V YIST

1  (9TH CIR. 1990) 921 F.2d 882 888
2  THUS IN UNITED STATES V WILLIAMS (9TH CIR. 1979)
3  594 F.2d 1258, 1259-1261. THE TRIAL COURT
4  (THE FEDERAL COURTS OF APPEAL HELD.) SHOULD
5  HAVE GRANTED DEFENDANTS REPEATED MOTIONS
6  FOR SUBSTITUTION OF COUNSEL. BECAUSE A STRONG
7  SHOWING WAS MADE OF THE STATE OF DISAGREEMENT
8  BAD RELATIONSHIP AND LACK OF COMMUNICATION
9  BETWEEN PETITIONER AND HIS ATTORNEY IN
10 REGARD TO THE PREPARATION OF HIS DEFENSE.
11     SO THAT DENIAL OF PETITIONERS MOTION
12 FOR CHANGE OF APPOINTMENT COUNSEL DEPRIVED
13 HIM OF HIS CONSTITUTIONAL GUARANTEED RIGHT
14 TO HAVE THE EFFECTIVE ASSISTANCE OF COUNSEL
15 BEFORE TRIAL AND AT HIS TRIAL
16     THE TRIAL COURT ERRORED IN DENYING
17 PETITIONERS REQUEST FOR SUBSTITUTION
18 OF COUNSEL BECAUSE TRIAL JUDGES
19 FOCUSED HIS DECISION BY FOCUSING ON
20 COUNSELS PAST LEGAL COMPETANCY (SEE
21 BRIEF PAGE #34.) WHEN THE PROPER
22 FOCUS OF SUCH INQUIRY WHEN A
23 INDIGENT DEFENDANT REQUESTS FOR SUBSTITUTION
24 OF COUNSEL, SHOULD BE ON THE ACTUAL
25 NATURE AND EXTENT OF THE CURRENT AND
26 ACTUAL CONFLICT. UNITED STATES V
27 WALKER SUPRA 915.F2d AT 483.
28     REBUTAL TO DISTRICT JUDGE ORDER -

(COA
12 of 15.)

1  in Judges Charles R. Breyer order
2  to deny petition for a writ of
3  habeas corpus he finds that petitioner
4  has not met his claims. In claim one
5  petitioners constitutional right to
6  Affective assistance of counsel was
7  violated because in a case where there is
8  a overwhelming contradiction to the statements
9  prosecutions only witness which attempts
10 to connect petitioner to the accused crime
11 and where his credibility could be
12 challenged through a pitchess motion
13 which trial attorney denyed for numerous
14 of reasons which were all capted on
15 record that demonstrate that trial
16 attorney was performing bellow the
17 standard of competent attorney and
18 then is substantiated when he
19 attempts to shield his incompetense
20 with a assumptive guess which was
21 not reached through any investigative
22 research district judge erred.
23     Secondly in <u>Second Claim</u>
24 petitioners constitutional rights
25 were also violated. As through
26 various examples provided by petitioner
27 in writ of habeas corpus petitioner
28 has clearly demonstrated how

COA
13 of 15

1  HAD TRIAL JUDGE SUBSTITUTED COUNSEL
2  WHEN IT WAS REQUESTED NUMEROUS TIMES
3  HOW PERHAPS PETITIONERS ODDS WITH THE JURY
4  WOULD HAVE BEEN MUCH MORE FAVORABLE.

## SUMMARY

6  AS HELD IN TOTTEN V MERKLE 137 f.3d
7  1172, 1176 (9thCir 1998.) " IN HABEAS CORPUS
8  PROCEEDINGS AN EVIDENTIARY HEARING IS REQUIRED
9  WHEN THE PETITIONERS ALLEGATIONS IF PROVEN
10 WOULD ESTABLISH THE RIGHT TO RELIEF." Id. AT
11 1176. THAT IS THE SITUATION HERE
12 
13 PETITIONER HAS ALLEGED FACTS CAPTED ON
14 RECORD ON BOTH HIS CLAIMS WHICH IF TRUE
15 ESTABLISH A BASIS FOR RELIEF ON PETITIONERS
16 CLAIMS THAT ① COUNSELORS FAILURE TO SEEK
17 PITCHESS MOTION DISCOVERY FOR THE WITNESS
18 ON WHOM THE ENTIRE PROSECUTIONS CASE
19 DEPENDED IS A VIOLATION OF PETITIONERS
20 6TH AMMENDMENT RIGHT TO EFFECTIVE
21 ASSISTANCE OF COUNSEL AS TRIAL ATTORNEY
22 FELL AND WAS ACTING BELLOW THE STANDARDS
23 OF REASONABLY COMPETENT COUNSEL
24  CLAIM ② DENIAL OF PETITIONERS
25 MARDSEN MOTIONS WAS AN ABUSE OF
26 DISCRETION BECAUSE COUNSEL WAS
27 PERFORMING BELLOW THE STANDARDS OF
28 REASONABLY COUNSEL AND BECAUSE THE

(CSA 14 of 15)

1 RELATIONSHIP BETWEEN CLIENT AND COUNSEL WAS
2 SO IRREVOCABLY IMPAIRED THAT INEFFECTIVE
3 REPRESENTATION WAS LIKELY TO RESULT.
4 THUS THE DISTRICT COURT JUDGE ERRED
5 IN SUMMARLY REJECTING PETITIONERS WRITT OF
6 HABEAS CORPUS AND PETITIONERS CLAIMS
7 IN LIEU OF GRANTING ATLEAST AN
8 EVIDENTIARY HEARING ON IT - AND GRANT PETITION

## CONCLUSION

12 THE ISSUES DISCUSSED ABOVE ARE AT
13 THE VERY LEAST DEBATABLE AMONG JURISTS
14 OF REASON. HENCE IT IS RESPECTFULLY
15 REQUESTED THAT THIS COURT GRANT A
16 CERTIFICATE OF APPEALABILITY ON THE
17 ISSUES IDENTIFIED AT THE OUTSET OF THIS
18 APPLICATION

20 DATE 7.16.08

RESPECTFULLY
SUBMITTED.

[signature]

PETITIONER
FELIPE ROCHA #K94573
IN PRO-SE.

(CUA
15 of 15.)

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101a #2105.5, 20 U.S.C. 1746)

# K-94573

I, FELIPE ROCHA, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the 16TH day of July, in the year of 2008, I served the following documents: (set forth the exact title of documents served)
1) PRISONERS APPLICATION TO PROCEED IN FORMA PAUPERS.
2) CERTIFICATE OF FUNDS IN PRISONERS ACCOUNT
3) NOTICE OF APPEAL ORIGINAL - 2 PAGES
4) PETITIONERS APLICATION FOR CERTIFICATE OF APPEALABILITY (15 PAGES.) 1 ORIGINAL COURT 1 COPY FOR ATTORNEY GENERAL AND IFP PAPER & CERTIFICATE -

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT U.S. COURT HOUSE 450 GOLDEN GATE AVENUE SAN FRANCISCO CAL 94102-3483

ATTORNEY GENERAL (CAL.) SAN FRANCISCO OFFICE 455 GOLDEN GATE AVE 11000 SAN FRANCISCO - CAL 94102 3664

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16TH day of July, 2008.

Signed: _____ (Declarant Signature)

Rev. 12/06